Carol RUSHMAN, Plaintiff

v.

CITY OF MILWAUKEE, Defendant.

Civil Action No. 95–C–1096.

United States District Court, Eastern District of Wisconsin.

March 27, 1997.

Irvin B. Charne, Hall, Patterson & Charne, Milwaukee, WI, for Plaintiff.

Jan A. Smokawicz, Ass't City Attorney, Milwaukee, WI, for Defendant.

### DECISION AND ORDER GRANTING PARTIAL SUMMARY JUDGMENT

REYNOLDS, District Judge.

The line between beliefs (or opinions) and facts is blurry at best. What seems like a provable fact to one person is only an opinion to another; paleontologists like Stephen J. Gould think that evolution is a scientific fact, while creationists think it is only a false belief. Throughout history, many societies have decided that the government should arbitrate truth and falsehood, fact and opinion; their record is not comforting. Doubting the government's talent for or benefit from declaring what is true and what is not, the United States took a different approach; the First Amendment forbids the government from arbitrating truth and fiction. A person is free to write and sell books declaring the earth is flat or that one race is superior to another.

Although the First Amendment prohibits arbitrating fact and opinion, it allows the government to regulate economic transactions. Therefore, the government can outlaw fraud—false statements made to convince a person to buy an item or invest money.

The City of Milwaukee ("the City") has an ordinance that outlaws astrology, fortune telling, and numerous other pseudo-sciences. After the City threatened to punish Carol Rushman, an astrologer, she filed this action under 42 U.S.C. § 1983, asking this court to declare that that ordinance violates the First Amendment.

Although astrology and fortune telling may be rejected by science, naive and outdated, they are beliefs; the marketplace of ideas—not the United States, not Wisconsin, and not

the City of Milwaukee—decides their value. Banning those practices is not commercial regulation but censorship. If the City is attacking those who use pseudo-sciences to defraud others, the ordinance is overly broad. The City must focus on the fraud, not the subject-matter of the speech. The court grants Rushman's motion for summary judgment and declares the ordinance unconstitutional.

## SUMMARY JUDGMENT

The City has moved for summary judgment, and Rushman has moved for partial summary judgment on liability. Summary judgment is appropriate if there is no dispute as to a material fact and the moving party deserves judgment as a matter of law. Fed. R.Civ.P. 56(c). The moving party must present the proposed undisputed facts, with a separate numbered paragraph for each factual proposition. Local Rule 6.05(a) (E.D.Wis.). The nonmoving party must identify those findings it disputes; it must identify them by numbered paragraph; and it must cite to the record for support of its position. Local Rule 6.05(b). The nonmoving party may also submit additional facts, listed by number. *Id.* In its reply to the nonmovant's facts, the moving party should only point how the record does not support the nonmoving party's facts. Local Rule 6.05(c).

Although the City claims to dispute a number of Rushman's proposed facts, nothing in the City's submissions show how Rushman's facts are disputed; rather, the City responds with additional facts.

## FACTS

Milwaukee Ordinance No. 106–16 ("the Ordinance") outlaws fortune telling, which includes solving certain problems (illness or bad luck, among others) through psychic powers, psychology, prophecy, astrology, science, and magic (among others). Those services are illegal whether free or for a fee, as is advertising those services.[1] The Ordi-

nance does not prohibit the exercise of any religious or spiritual function. Anyone who violates the Ordinance will receive a fine of $1 to $500. Failing to pay the fine can result in up to 90 days in jail. Milwaukee Code of Ordinances § 50–66.

Carol Rushman ("Rushman") is a full-time astrologer and has been practicing since 1970. Rushman belongs to three national organizations for astrologers: the American Federation of Astrologers Network, the American Federation of Astrologers, and the National Council for Geocosmic Research. Although Rushman has studied with other astrologers and taken classes, she has never been tested. She maintains an office in Bayside, Wisconsin; she appears on WITI–TV 6 and on WTMJ radio as an astrologer. In addition, she advertises for clients in the Milwaukee Yellow Pages. The City (the same entity that has told her to stop practicing astrology) has used her services.[2]

To practice astrology, Rushman relies on the subject's personality, the subject's birth date, and star charts. These star charts are based upon the constellations "orbiting the earth," charts that may not have been updated in 2,000 years. For her clients, Rushman analyzes their personality based upon the clients' horoscope, advises them what to do, and predicts the likelihood of certain events. For example, based on the client's horoscope and astrological forces, Rushman might advise that the client will be vulnerable to illness or accident-prone or that the client soon will meet someone he or she might marry.

Although Rushman has never told a client that her character analysis of the client could be wrong, she has told them that her statements do not have the power of prediction. In her view, astrological energies around the client make certain actions possible, but the client still has the free will to choose what to do.

Until 1995, Rushman had no trouble with the City of Milwaukee. Since 1984, the East

---

1. Due to the Ordinance's length, an excerpt of the code that includes the full text of the ordinance is attached as an appendix to this decision.

2. The plaintiff does not say what type of astrological services she provided the City, but because the City did not dispute that fact, the court accepts it as true.

Town Merchants Association of Milwaukee has invited Rushman to maintain a tent at Bastille Days, which occurs in Cathedral Park in Milwaukee. In 1995, Rushman charged $15 for a reading. Each person received a ticket that said "For Entertainment Purposes Only." On July 15, 1995, police officer Michael Denomie ("Denomie") told Rushman that her advertising and operating of the tent violated the Ordinance. Denomie ordered the tent closed and issued Rushman a notice requiring her to appear at the city attorney's office. Later that evening, Rushman was able to re-open her tent through the intervention of the mayor.

On Wednesday, July 19, 1995, Rushman went to the city attorney's office. After Special Deputy Assistant City Attorney Charles Theis ("Theis") interrogated Rushman, he told her that she could no longer participate on the radio program on WTMJ and that the police would arrest her if she attempted to practice astrology in the City.

Rushman received an invitation to appear at the 1996 Bastille Days. She filed this suit, and the City agreed to withhold prosecution pending the resolution of this case.

People often use fortune telling to defraud individuals. The con artist will predict that the client must turn money over to the con artist (or an accomplice) based upon the client's fortune. Based on the record, Rushman has never committed this type of fraud or been accused of it.

### DISCUSSION

■ Rushman has standing to bring this suit because the City has threatened to prosecute her if she practices astrology at Bastille Days or appears on radio.

■ Except for defamation, obscenity, fighting words, and commercial speech, the government can regulate speech only if the government has a compelling interest and if the regulation is narrowly drawn to serve that interest. *R.A.V. v. City of St. Paul*, 505 U.S. 377, 383, 112 S.Ct. 2538, 2543, 120 L.Ed.2d 305 (1992); *Virginia State Bd. of Pharmacy v. Virginia Citizens Consumer Council, Inc.*, 425 U.S. 748, 770, 96 S.Ct. 1817, 1829–30, 48 L.Ed.2d 346 (1976). For

commercial speech, the government may forbid false, misleading, and deceitful statements, *44 Liquormart, Inc. v. Rhode Island,* —— U.S. ——, ——, 116 S.Ct. 1495, 1507, 134 L.Ed.2d 711 (1996); otherwise, the restriction is valid only if it directly involves a state interest and a more limited restriction would not serve that state interest. *Central Hudson Gas & Elec. Corp. v. Public Serv. Comm'n,* 447 U.S. 557, 564, 100 S.Ct. 2343, 2350, 65 L.Ed.2d 341 (1980). Even with defamatory statements, obscenities, and fighting words, the government may not discriminate based on content. *R.A.V.,* 505 U.S. at 387, 112 S.Ct. at 2545. The Ordinance, by not focusing on fraud and by judging the content of noncommercial speech, censors noncommercial speech. Because the City's justification—that astrology is false—is not a compelling interest and because the Ordinance is not narrowly drawn, the Ordinance is invalid on its face.

■ An astrological prediction, without more, is not commercial speech because the speech is the substance of the transaction. Commercial speech—like an advertisement—is incidental to an economic transaction; it proposes or encourages a transaction. *Bolger v. Youngs Drug Prods. Corp.,* 463 U.S. 60, 66, 103 S.Ct. 2875, 2879–80, 77 L.Ed.2d 469 (1983). Although commercial speech can be an indirect encouragement, *see id.* at 66–67, 103 S.Ct. at 2879–81 (condom manufacturers informational pamphlets on condoms and venereal disease were commercial speech), it must still be a means to another end, not an end in itself. In other words, commercial speech, statements encouraging a future economic transaction, is different than speech-for-profit, the sale of ideas and words. *Board of Trustees v. Fox,* 492 U.S. 469, 482, 109 S.Ct. 3028, 3035–36, 106 L.Ed.2d 388 (1989). Tutoring, providing legal advice, or giving medical advice is speech-for-profit, not commercial speech. *Id.*

■ Telling fortunes or giving advice based on astrology (without more) is speech-for-profit, not commercial speech. For example, Rushman's predictions, analysis, and advice are the benefit of the bargain (whatever the worth); an astrologer's advice neither proposes nor encourages an additional trans-

action. In contrast, if Rushman told her clients that they had curses and she could remove them, that would be commercial speech because she would be using astrology to sell her curse-lifting services. *See Ballard v. Walker*, 772 F.Supp. 1335 (E.D.N.Y.1991). Because the Ordinance makes no reference to proposing or furthering another economic transaction and makes no distinction between one selling astrological advice and one using astrology to reap additional economic transactions, it forbids noncommercial speech.

■ Although the government may prohibit false, noncommercial statements that are defamatory, *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974), Rushman's advice and predictions are not defamatory. To be constitutional, the Ordinance must serve a compelling interest and be narrowly drawn to achieve that interest. *Widmar v. Vincent*, 454 U.S. 263, 102 S.Ct. 269, 70 L.Ed.2d 440 (1981). The court will assume that astrology is no more predictive of the future or a person's character than a random guess. Even so, the City's justification—that astrology is false—is far from a compelling interest, and the Ordinance is not narrowly drawn.

If truth were a test for censoring noncommercial speech, the government could ban books that proclaim the earth is flat, which is at least as false as astrology. Nor does Rushman's aiming her statements at a specific person change the analysis. If a financial planner believed the earth was flat and advised clients not to invest in international cruise lines because their ships would fall off the edge of the earth, the City could not outlaw that advice either. Unless the government is regulating commercial speech, the marketplace of ideas—not the government— judges what is true and false. If the City could ban any statement or belief debunked by science, the First Amendment would be a cruel hoax, more worthy of Orwell's double-

thinking Ocenia[3] than the United States of America.

■ Moreover, the Ordinance bans more than false speech; therefore, it is not narrowly tailored to serve the City's justification, even if the justification were a compelling interest. The government may not use a legitimate reason for regulation as a foundation to censor speech unrelated to that reason. For example, although a city has an interest in protecting its citizens from fraudulent charitable contributions, it could not ban solicitations from charities whose administrative costs were more than 25% of their revenue. *Village of Schaumburg v. Citizens for a Better of Environment*, 444 U.S. 620, 636, 100 S.Ct. 826, 835–36, 63 L.Ed.2d 73 (1980). In the Village's view, any charity that used more than 25% of its revenue for administrative costs was for-profit. Therefore, its solicitations were fraudulent because people were soliciting money for a cause and then using the proceeds for their own benefit. *Id.* A charity, however, engaged in research, advocacy, or public education could have high administrative costs without being a fraudulent organization. Because the ordinance in *Schaumburg* would ban those charities from soliciting, it was overly broad and unconstitutional.[4] *Id.*

The City argues that the Ordinance is necessary to protect its citizens from fraud. Even if the City is trying to prevent fraud, the Ordinance encompasses much more than fraud. First, it applies to more than false statements. When Rushman gives advice, her statements can never be false. For example, if she sees (based on the stars, subject's personality, and birth date) that the energies around the person make the person more accident-prone, Rushman will tell her client to be careful. It may be silly to be careful based upon the position of the stars,

---

**3.** Ocenia was one of the three totalitarian regimes in George Orwell's *1984*. Double-thinking is the deliberate reversal of facts and words. So, in *Ocenia*, the Ministry of Peace waged wars; the Ministry of Truth spread lies, the Ministry of Plenty starved the country, and the Ministry of Love tortured citizens. George Orwell, *1984* 217 (1977).

**4.** *Schaumburg* was decided on overbreadth grounds; technically, Rushman can not rely on overbreadth because the ordinance is unconstitutional as applied to her speech. Nevertheless, the same reasons that make a law overly broad in general will cause it to fail the narrowly tailored test.

but that advice cannot be proven true or false.

■ Second, although all fraud involves false or deceptive statements, not every false statement is fraudulent. Even in commercial speech, predictions about future events are fraudulent only if the speaker knows of facts that will prevent the prediction from coming true. *See Hartwig v. Bitter,* 29 Wis.2d 653, 657, 139 N.W.2d 644 (1966) (*quoting* Prosser, Law of Torts (3rd ed.) § 104); *In re Health-Care Compare Corp. Sec. Lit.,* 75 F.3d 276 (7th Cir.1996) (securities fraud case). In other words, the law rarely judges the validity of a predictive method.[5] Especially because Rushman's speech is not commercial speech, her predictions, perhaps no better than random guesses, are neither false nor true. Although the City can draft an ordinance that focuses on fraud, this ordinance censors more

than fraud (even more than false statements). Therefore, the Ordinance's scope exceeds the City's justification.

## CONCLUSION

The court **DENIES** the City of Milwaukee's motion for summary judgment.

The court **GRANTS** partial summary judgment in favor of Carol Rushman.

The court **DECLARES** Milwaukee Ordinance § 106–16 unconstitutional.

The court **ENJOINS** the City of Milwaukee from enforcing or threatening to enforce Milwaukee Ordinance 106–16.

Within two weeks of the date of this order, the parties shall submit status reports on what further proceedings, if any, are required.

---

5. If Rushman were advising clients that the stars said that the clients should sell their homes to her at bargain-basement prices, her advice would be commercial speech (it furthers the selling of the homes) and the state could regulate it. Here, the City has offered no evidence that Rushman has every received any benefit beyond the fee she charges for her services.

**1046**

alone or between members of the same or opposite sex or between humans and animals in an act of apparent sexual stimulation or gratification.

h-5. An act of sexual assault where physical violence or drugs are employed to overcome the will of or achieve the consent of a person to an act of sexual conduct and the effects or results of the violence or drugs are shown.

i. "Sexual excitement" means the condition of human male or female genitals when in a state of sexual stimulation or arousal.

2. PROHIBITED DISPLAY. No person having custody, control or supervision of any commercial establishment may knowingly display marital aid devices, or any material whose cover, covers or packaging, standing alone is harmful to minors, in such a way that minors, as part of the invited general public, will be exposed to view the material or in such a way that the devices or material are easily visible from a public thoroughfare or sidewalk. A person shall not be deemed to have displayed material harmful to minors if those portions of the cover, covers or packaging containing such material harmful to minors are blocked from view by an opaque screen, border or cover. An honest mistake regarding the age of a minor shall constitute an excuse from liability if the defendant made a reasonable bona fide attempt to ascertain the true age of the minor.

3. PENALTY. Any person who violates this section shall, upon conviction, forfeit not more than $500, together with the costs of prosecution, or, in default of payment may be imprisoned in the county jail or house of correction for not more than 30 days. Each day on which a violation continues shall be determined a separate and distinct offense.

**106-11. Mashing Prohibited.** Any person of either sex who shall improperly accost, ogle, insult, follow, pursue, lay hands on or otherwise molest any person of the opposite sex theretofore to him or her unacquainted, shall upon conviction forfeit not less than $10 nor more than $250, or in default of payment may be imprisoned in the house of correction of Milwaukee county for not less than 15 days nor more than 90 days.

**106-12. Bathing. 1.** SWIMMING PLACES. No person shall be allowed to bathe or swim in the public waters of the city, except from public or private bath houses or swimming schools; provided, that this shall not apply to the waters of Lake Michigan opposite Bradford Avenue, Pennsylvania Avenue and Texas Avenue.

2. BATHING SUIT REGULATIONS. No person shall bathe or swim in the public waters of the city unless clad in proper and decent bathing suits. No person shall appear in the public highways of the city outside of bathing establishments clad in bathing costumes, unless street clothes are worn on the outside thereof.

3. BATH HOUSES. No person shall keep a bathing institution at any of the said public waters without the consent of the mayor, and then only subject to such regulations as the mayor shall prescribe.

4. PENALTY. For penalty clause, see s. 106-22.

**106-16. Fortune Telling. 1.** PROHIBITED. No person shall advertise by sign, circular handbill, or in any newspaper, periodical or other publication, or by any other means, to tell fortunes, to overcome evil influences and bad luck, to treat the sick or ailing, to help on wills, lawsuits, talents, to find or restore lost or stolen property, to locate gold, silver, ore, petroleum or other natural product; to restore lost love or friendship or affection, to unite or procure lovers, husbands, wives, lost relatives or friends, with or without pay, by means of occult or psychic powers, faculties or forces, clairvoyance, psychology, psychometry, spirits, mediumship, seership, prophecy, astrology, palmistry, necromancy, or other craft, science, cards, talismans, charms, potions, magnetism, or magnetized articles or substances, oriental mysteries, or magic of any kind, or numerology, or engage in or carry on any business the advertisement of which is prohibited by this section.