United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-2615NE
_____

|  |  |  |
|---|---|---|
| Michael Argello, | * | |
| | * | |
| Appellee, | * | |
| | * | On Appeal from the |
| v. | * | United States District Court |
| | * | for the District of |
| | * | Nebraska. |
| City of Lincoln, A Home Rule | * | |
| Charter City, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: February 9, 1998

Filed: May 13, 1998
_____

Before RICHARD S. ARNOLD,[1] Chief Judge, HANSEN, Circuit Judge, and
  LIMBAUGH,[2] District Judge.
_____

RICHARD S. ARNOLD, Chief Judge.

---

[1]The Hon. Richard S. Arnold stepped down as Chief Judge of the United States Court of Appeals for the Eighth Circuit at the close of business on April 17, 1998. He has been succeeded by the Hon. Pasco M. Bowman II.

[2]The Hon. Stephen N. Limbaugh, United States District Judge for the Eastern and Western Districts of Missouri, sitting by designation.

The question presented is the constitutionality, under the First Amendment, of an ordinance of the City of Lincoln, Nebraska. The ordinance reads as follows:

> It shall be unlawful for any person to exercise, carry on, advertise, or engage in the business or profession of clairvoyancy, palmistry, phrenology, mind reading, fortunetelling, or any other business, profession, or art of revealing or pretending to reveal past or future events in the life of another.

Lincoln, Neb. Municipal Ordinances § 9.40.030 (1997). The District Court[3] held the ordinance invalid. We affirm, largely for the reasons given in the thorough and well-reasoned opinion of the District Court.

The ordinance is a content-based regulation of speech. As such, it can be upheld only if it is supported by a compelling state interest. No such interest appears here. If the citizens of Lincoln wish to have their fortunes told, or to believe in palm-reading or phrenology, they are free to do so under our system of government, and to patronize establishments or "professionals" who purport to be versed in such arts. Government is not free to declare certain beliefs – for example, that someone can see into the future – forbidden. Citizens are at liberty to believe that the earth is flat, that magic is real, and that some people are prophets. See Rushman v. City of Milwaukee, 959 F. Supp. 1040 (E.D. Wis. 1997), where the Court said:

> The line between beliefs (or opinions) and facts is blurry at best. What seems like a provable fact to one person is only an opinion to another: paleontologists like Stephen J. Gould

---

[3]The Hon. Thomas D. Thalken, United States Magistrate Judge for the District of Nebraska, sitting by agreement of the parties under 28 U.S.C. § 636(c).

think that evolution is a scientific fact, while creationists think it is only a false belief. Throughout history, many societies have decided that the government should arbitrate truth and falsehood, fact and opinion; their record is not comforting. Doubting the government's talent for or benefit from declaring what is true and what is not, the United States took a different approach; the First Amendment forbids the government from arbitrating truth and fiction. A person is free to write and sell books declaring the earth is flat . . ..

Id. at 1041. In short, government may not prohibit a certain kind of speech simply because it disagrees with it.

The City contends that the ordinance can be upheld as a regulation of commercial speech. It reads the ordinance as limited to fortunetelling for pay. The ordinance is not so limited on its face, nor has any court of Nebraska given it such a limiting construction. Even if it were so limited, we do not believe this proscription would fall into the commercial-speech category. The speech itself, fortunetelling, is not commercial simply because someone pays for it. The speech covered by the ordinance, for the most part, does not simply propose a commercial transaction. Rather, it is the transaction. The speech itself is what the "client" is paying for. As Judge Thalken aptly remarked: "There is a distinct difference between the offer to tell a fortune ('I'll tell your fortune for twenty dollars.'), which is commercial speech, and the actual telling of the fortune ('I see in your future . . ..'), which is not." Michael Argello v. City of Lincoln, Nebraska, No. 4:95CV3457 (D. Neb.) (order filed May 14, 1997), at p. 9.

Nor can the ordinance be upheld as a prohibition against fraud. It does not require that fortunetellers know that they are conveying false information, or that they have no power of seeing into the future. For all we know, certain persons genuinely

believe that they have such powers. In this belief they may be mistaken, but that is not a decision that government is free to make under our Constitution.

The District Court also took the view that the ordinance is overbroad, but we need not pursue this aspect of the analysis. Enough has been said already to indicate our reasons for affirmance.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.